**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

ROLAND BROWN,

        Plaintiff,                    **Case No.: 3:15-cv-161-MCR/EMT**

v.

UNITED OF OMAHA LIFE
INSURANCE COMPANY,

        Defendant.

_____/

**PLAINTIFF'S MOTION TO TAX COSTS**
**WITH INCORPORATED MEMORANDUM OF LAW**

COMES NOW the Plaintiff, by and through the undersigned attorney, and files

his Motion to Tax Costs and in support thereof would state as follows:

1.     Plaintiff Roland Brown ("Brown") brought this action against

Defendant United of Omaha Life Insurance Company ("United") for wrongful

termination of long-term disability ("LTD") benefits pursuant to the Employee

Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. ("ERISA").  Doc.

1.

2.     Brown filed a Motion for Summary Judgment ("MSJ") requesting the

Court find that United's decision to terminate Brown's benefits violated the

requirements of ERISA, and to reinstate his benefits.  Doc. 39.

3.     On September 1, 2016, this Court issued its Order granting Brown's MSJ

in part and finding that United deprived Brown of a full, fair, and accurate review and was both *de novo* wrong and arbitrary and capricious as a matter of law.  Doc. 58.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The rule establishes a presumption "that costs are to be awarded to a prevailing party, but vests the district court with discretion to decide otherwise." *Chapman v. AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000) (en banc). To overcome the presumption requires articulation of "a sound basis for doing so." *Id.* at 1039. The district court's determinations are reviewed for abuse of discretion. *See Ellis v. C.R. Bard, Inc.*, 311 F.3d 1272, 1288 (11th Cir. 2002) (reviewing denial of costs for abuse of discretion); *Technical Res. Servs. v. Dornier Med. Sys., Inc.*, 134 F.3d 1458, 1468 (11th Cir. 1998) (reviewing award of costs for "clear abuse of discretion").  Costs, then, are presumptively due unless the court has a "sound basis" for denying them.

The party seeking costs must, of course, prove itself a prevailing party. The party must attach an affidavit that each cost item is correct and has been necessarily incurred in the case. *See* 28 U.S.C. §1924; *see also* 28 U.S.C. §1746 (providing for verification by unsworn declarations made under penalty of perjury).

Taxable costs are limited to those enumerated in 18 U.S.C. §1920:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Here, undersigned counsel has filed a verified bill of costs using the form available on the District's website. *See* Exhibit "A."   Specifically, Plaintiff is seeking reimbursement for his fees for filing, servicing of summonses and subpoenas,

copies of transcripts,[1] printing, travel expenses[2], and other costs as detailed in Exhibit "A."

WHEREFORE, premises considered, the undersigned attorney respectfully requests the Court grant his Motion to Tax Costs.

## LOCAL RULE 7.1(B) CERTIFICATION

The undersigned hereby certifies that she has conferred with counsel for United concerning this motion.  United opposes Brown's motion.

## LOCAL RULE 7.1(F) CERTIFICATION

Pursuant to Local Rule 7.1(F), counsel for Brown hereby certifies that this motion has 794 words.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of September, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF filing system which

---

[1]The transcripts of Joshua Pope and Jake Smith were cited in Plaintiff's Motion for Summary Judgment and were vital in establishing Defendant's arbitrary and capricious behavior. Thus, these transcripts are properly taxed as costs.

[2]Undersigned counsel is seeking reimbursement for travel expenses in Plaintiff's Motion for Attorney's Fees and Costs, Doc. 59, but is also including them in this Motion for the Court's convenience.

will send a notice of electronic filing to Henry T. Morrissette, Esq., Hand Arendall,

Inc., P.O. Box 123, Mobile, AL 36601, hmorrissette@handarendall.com.

/s/ Kimberly A. Corkill
Kimberly A. Corkill
Florida Bar No.: 84942
kcorkill@bellsouth.net
Daniel M. Soloway
Florida Bar No.: 508942
dsoloway@bellsouth.net
Soloway Law Firm
1013 Airport Blvd.
Pensacola, FL 32504
(850)471-3300 (T)
(850)471-3392 (F)