UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ROLAND BROWN,**

    **Plaintiff,**

v.   Case No. 3:15-cv-161/MCR/EMT

**UNITED OF OMAHA LIFE
INSURANCE COMPANY,**

    **Defendant.**
_____/

## ORDER

Pending before the Court is Plaintiff's Amended Motion for Taxation of Costs, ECF No. 75, requesting the costs denied by the Clerk of Court. ECF No. 74. Plaintiff initially requested $3,263.41 in taxed costs, but pursuant to the Clerk's review under *In re: Allowable Items for Taxation of Costs* 2 (N.D. Fla. Sept. 21, 2004), Plaintiff was awarded $2,046.27 in taxed costs. *Id.* Defendant opposes the Plaintiff's request for the remaining costs, ECF No. 80 at 12. Plaintiff seeks the following breakdown of costs:

    (1) Process Server Fee:        $10.03

    (2) Attorney Travel Expenses:    $597.32

    (3) Mediation Costs:            $562.50

    (4) PACER Fee:                $0.10

| | |
|---|---|
| (5) Medical Records Expense: | $14.19 |
| (6) Medical Records Expense: | $33.00 |
| Total: | **$1,217.14** |

Federal Rule of Civil Procedure 54(d) provides that costs, other than attorney's fees, "should be allowed to the prevailing party" "[u]nless a federal statute, [the federal] rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). This rule creates a presumption in favor of awarding costs to the prevailing party. *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citing *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991)). In awarding costs, however, "federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920" unless there is explicit statutory or contractual authorization for the taxation. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987), *superseded on other grounds*, 42 U.S.C. § 1988(c) (1991). Additionally, it is within the court's discretion to deny a full award of costs if the court has, and states, a sound reason for doing so. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).

In this case, Plaintiff first seeks to recover $10.03 in service-of-process fees in excess of the amount previously awarded. Although courts are authorized to tax private process servers' fees as costs pursuant to §§ 1920(1) and 1921, doing so is only permitted if the private rates do not exceed the cost of having the U.S. Marshals

Service effectuate service. *In re: Allowable Items for Taxation of Costs* 2 (N.D. Fla. Sept. 21, 2004); *EEOC v. W & O, Inc.*, 213 F.3d 600, 623-24 (11th Cir. 2000). The United States Marshal's fee for process served or executed personally is $65.00[1] per hour for each item served, plus travel costs and other out-of-pocket expenses. Plaintiff originally requested $75.03 for his Process Server, ECF No. 75-1 at 3, which was appropriately reduced by the Clerk to $65.00. As such, this cost may not be taxed to Defendants.

Additionally, Plaintiff requests $597.32 in attorney travel expenses. Attorney travel expenses, however, are not recoverable as taxed costs. *In re: Allowable Items for Taxation of Costs* 2-3 (N.D. Fla. Sept. 21, 2004) (excluding attorney travel expenses); *see, e.g., Gerber v. Stoltenberg*, 394 F.2d 179 (5th Cir. 1968) (travel need not be taxed as costs). Consequently, and without any legal authority offered by Plaintiff to the contrary, Plaintiff may not tax these costs to Defendant.

Mediation expenses are also not taxable under § 1920. *See Nicholas v. Allianceone Receivables Mgmt., Inc.*, 450 F. App'x 887, 888 (11th Cir. 2012) (affirming the district court's denial of mediation fees under § 1920) (citing *Gary Brown & Assoc., Inc., v. Ashdon, Inc.*, 268 F. App'x 837, 845–46 (11th Cir. 2008);

---

[1] "For process served or executed personally — $65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114.

*see also In re: Allowable Items for Taxation of Costs* 2-3 (N.D. Fla. Sept. 21, 2004) (excluding mediation expenses). Therefore, Plaintiff's request of $562.50 in mediation costs is not taxed to Defendant.

Plaintiff also requests $47.19 in "Medical Records Expense" from Andrews Institute for Orthopaedics & Sports Medicine and West Florida Hospital. Under § 1920(4), photocopying costs "necessarily obtained for use in the case" are compensable. Additionally, under *In re: Allowable Items for Taxation of Costs*, the Clerk may tax costs for "the fee paid or cost incurred internally for copies made for the court and adverse parties of exhibits, pleadings, or other papers filed with the court, not including copies of papers that were or properly should have been filed and served electronically." The party seeking to recover photocopying costs must present evidence "regarding the documents copied including their use or intended use." *Cullens v. Georgia Dept. of Trans.*, 29 F.3d 1489, 1494 (11th Cir. 1994); *Fulton Fed. Sav. & Loan Ass'n of Atlanta v. Am. Ins. Co.*, 143 F.R.D. 292, 300 (N.D. Ga. 1991) (stating that the party seeking costs must come "forward with evidence showing the nature of the documents copied and how they were used."). In this case, Plaintiff provided no documentation regarding the nature or the cost of the "Medical Records Expense." Because the Court is left to speculate as to the nature of the documents, their cost, and how they were used, the cost for these items is not taxable.

Lastly, Plaintiff requests $0.10 in PACER fees. The Plaintiff provides no supporting documentation to justify this expense and Attorneys of Record get one free look at every document filed via PACER. Moreover, *In re: Allowable Items for Taxation of Costs* does not provide for taxation of PACER costs. As such, the cost for this item is not taxable.

**DONE AND ORDERED** this 14th day of January, 2017.

*M. Casey Rodgers*
**M. CASEY RODGERS
CHIEF UNITED STATES DISTRICT JUDGE**